## CELIA ZAHRINGER *v.* GEORGE J. ZAHRINGER
### (SC 16795)

Borden, Norcott, Katz, Palmer and Zarella, Js.

---

Argued December 5, 2002—officially released February 11, 2003

*Wesley W. Horton*, with whom were *Daniel J. Krisch*, *Samuel V. Schoonmaker IV* and, on the brief, *Thomas D. Colin*, *Jeffrey J. White*, legal intern, and *Julia K. Ulrich*, legal intern, for the appellant (defendant).

*Gary I. Cohen*, for the appellee (plaintiff).

*Opinion*

KATZ, J. The dispositive issue in this certified appeal is whether the Appellate Court properly affirmed the judgment of the trial court based upon the Appellate Court's determination that the record was inadequate for review. The defendant, George J. Zahringer, appeals from the judgment of the Appellate Court affirming the trial court's judgment modifying an unallocated alimony and support order in favor of the plaintiff, Celia Zahringer. *Zahringer* v. *Zahringer*, 69 Conn. App. 251, 793 A.2d 1214 (2002). The defendant had contended on appeal that the trial court improperly had disregarded financial contributions from the plaintiff's parents in

the form of access to a joint checking account. We conclude that the record is adequate for review and that the trial court's decision was improper as a matter of law. Accordingly, we reverse the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following pertinent facts. "The parties' marriage of almost fourteen years was dissolved on August 28, 1995. Prior to the dissolution, three children were born of the marriage. The judgment of dissolution incorporated by reference the terms of a separation agreement (agreement), also signed and dated August 28, 1995. Article III, paragraph 3.3 of the agreement provides in relevant part that '[c]ommencing January 15, 1996 for the month of January 1996, the [defendant] shall pay to the [plaintiff] the sum of $25,000 per month as unallocated alimony and child support, said order shall be non-modifiable as to amount through December 1998.' Article III, paragraph 3.5 further provides in relevant part that 'either party may petition the Court for a review of the monthly unallocated alimony and support payment at any time after January 1, 1999. The Court shall at that time consider the totality of the financial circumstances of the parties and by application of the criteria set forth in Connecticut General Statute Section 46b-82 determine whether the then existing unallocated alimony and support award should continue unmodified, should be increased, or should be reduced. Any modification shall be made retroactive to January 1, 1999.'

"On April 8, 1999, the plaintiff filed a motion for modification of the existing unallocated alimony and support award. In her motion, the plaintiff represented that the defendant currently had a substantially greater disposable income than he did at the time of the judgment dissolving the marriage. The plaintiff also asserted in the motion that the cost of the children's various

activities had increased substantially given their change in age since the time of the judgment. A hearing on the plaintiff's motion took place on December 8, 9 and 10, 1999." *Zahringer* v. *Zahringer*, supra, 69 Conn. App. 253–54.

During that hearing, the defendant introduced evidence that the plaintiff regularly had been receiving financial contributions from her parents in the form of access to a joint checking account. Ninety-eight pages of documentation containing copies of three checks per page that had been drawn on this checking account were introduced to demonstrate that the plaintiff had had access to her parents' funds, both for her use and for the children's needs. According to the plaintiff's financial affidavit, she had made expenditures of approximately $230,000 in this manner. The plaintiff testified that she had *borrowed* this money from her father because the money she had been receiving from the defendant did not meet her needs or those of her children. Additionally, according to the plaintiff, her financial affidavit represented this substantial debt to her father as a liability. Although she characterized the debt owed to her father as a demand loan, the defendant never asked her to produce the loan documents.

Thereafter, "the [trial] court rendered a decision on the plaintiff's motion for modification. The court found that at the time of the dissolution the defendant's annual income was $1,339,503. The trial court also found that the defendant's current income at the time of the hearing was $2,227,000. The court stated that this increase was a substantial change in the financial circumstances of the defendant." Id., 254.

In its memorandum of decision, the trial court referenced the $230,000 that had been made available to the plaintiff by her parents, and rejected the defendant's contention that, under *Unkelbach* v. *McNary*, 244 Conn.

350, 710 A.2d 717 (1998), it was required to consider these funds as income. The court stated that, "[i]n *Unkelbach*, as in *McGuinness* [v. *McGuinness*, 185 Conn. 7, 440 A.2d 804 (1981)] it is the *payor's* ability that is enhanced by the companion's income or the current spouse's income. The court has no case declaring that the *payor* should benefit from the largesse of the *payee's* parents." (Emphasis added.)

"The [trial] court then applied the criteria set forth in § 46b-82. The court found that although many of the § 46b-82 factors had not changed, '[t]he children are older, their needs have changed and their educational requirements have increased.' In addition, the court noted other expenses the plaintiff [had] listed on her financial affidavit relating to the children. On the basis of its findings, the court ordered the defendant 'to pay the sum of $50,000 monthly to the plaintiff as unallocated alimony and child support, effective as of January 1, 1999, pursuant to paragraph 3.5 of the parties' separation agreement.' Because the new order was to be retroactive and, as a result, created an arrearage, the court ordered that the arrearage be paid in monthly installments of $37,500 until paid in full, commencing April 15, 2000." *Zahringer* v. *Zahringer*, supra, 69 Conn. App. 254.

On appeal to the Appellate Court, the defendant claimed that the trial court improperly had failed to consider the contributions made to the plaintiff by her parents. Specifically, the defendant claimed that: (1) such contributions must be considered because they constitute income; and (2) pursuant to § 46b-82, the court was required to consider the income of both the payor and the payee when fashioning a new award. Id., 256. In support of the latter contention, the defendant claimed that the trial court improperly determined that its consideration of the funds was dependent on

whether they had been made available by the parents of the payor or the payee.

The Appellate Court cited the different treatment of loans and gifts recognized by this court in setting financial orders; compare *Rubin* v. *Rubin*, 204 Conn. 224, 238–39, 527 A.2d 1184 (1987) (contributions in form of gifts properly may be considered in setting financial orders) with *Schmidt* v. *Schmidt*, 180 Conn. 184, 188, 429 A.2d 470 (1980) (contributions that are loans, and mandate repayment, are liabilities not considered to be assets); and determined that the characterization of the contributions was "pivotal" to its resolution of the defendant's claim. *Zahringer* v. *Zahringer*, supra, 69 Conn. App. 257–58. Because the trial court, however, had not made a specific finding characterizing the nature of the plaintiff's access to her parents' bank account, the Appellate Court determined that it was unable to review the defendant's claim. The Appellate Court held: "We will not speculate as [to] what the [trial] court meant by 'largesse.' . . . Because we do not know what the court considered the contributions to be, we cannot properly review the defendant's claim that the contributions qualify as income." (Citation omitted.) Id., 258. Similarly, the Appellate Court concluded that, "[b]ecause we cannot discern whether the [trial] court considered the contributions in question to be gifts or loans, we also are unable to review the defendant's second argument that the [trial] court was obligated to consider the payee's income under § 46b-82 in fashioning the new order." Id.

The defendant also claimed, however, that, pursuant to the terms of the agreement incorporated into the dissolution judgment, the trial court was required to consider the contributions made to the plaintiff by her parents. Specifically, the defendant claimed that the agreement required the trial court to consider the totality of the financial circumstances of the parties, as well

as the application of § 46b-82, and that its failure to consider the financial contributions to the plaintiff by her parents was improper. The defendant contended that this claim was predicated on the terms of the parties' agreement and was not dependent on whether the court found the contributions from the plaintiff's parents to be gifts or loans. The Appellate Court agreed with the defendant that the agreement must be treated as a contract that governs the modification, but nevertheless declined to review this claim, determining that the defendant had not provided it with an adequate record disclosing exactly what the trial court in fact had considered. Id., 259. Accordingly, the Appellate Court affirmed the trial court's judgment.[1] Id., 264.

Thereafter, the defendant petitioned this court for certification, which we granted limited to the following issue: "Did the Appellate Court properly affirm the trial court's order modifying the unallocated alimony and child support award?" *Zahringer* v. *Zahringer*, 261 Conn. 909, 806 A.2d 50 (2002). The defendant claims that the Appellate Court improperly determined that the record was inadequate to review his claims that the trial court's failure to consider the payments from the plaintiff's parents in fashioning its orders was legally improper. He further claims that the trial court in fact had found the payments to be gifts, which, therefore,

---

[1] The defendant also claimed in the Appellate Court that: (1) "the court's modification decision was improper because it ordered an increase of alimony that raised the plaintiff well above her standard of living at the time of the dissolution"; *Zahringer* v. *Zahringer*, supra, 69 Conn. App. 260; (2) "the court's decision ordered a second property division because the modification gave the plaintiff a drastic increase in alimony and support"; id.; and (3) "the court improperly ordered arrearage payments at the rate of 75 percent of the new unallocated alimony and support award." Id., 262. The Appellate Court concluded that the trial court had not abused its discretion with respect to the first claim and, therefore, determined that it was unnecessary to review the second claim. Id., 261–62. The Appellate Court also declined to review the third claim, determining that the defendant had failed to adequately brief the issue. Id., 262.

it should have considered in fashioning its award. Finally, the defendant contends that the money from the plaintiff's parents should have been considered by the trial court pursuant to § 46b-82, regardless of its characterization.

The plaintiff contends in response that the Appellate Court's resolution of the case was proper because the record does not reflect how the trial court characterized her parents' funds or whether the trial court failed to consider her access to these funds. She concedes that money that is in the nature of a gift should be considered as income, whether it is received by the payor or the payee, but contends that a loan requiring repayment, as in this case, is not income and, therefore, should not have been considered by the trial court in modifying her award.

We agree with the defendant that the record in this case was adequate for review. We conclude that the trial court viewed the issue of whether to consider the $230,000 as dependent on whether the plaintiff was the payor or the payee, that is, whether she was obligated to pay alimony and support or whether she was to receive it. Therefore, the question on appeal was an issue of whether the trial court improperly, as a matter of law, interpreted existing case law and statutes to preclude it from considering funds made available to the plaintiff, as the payee. Accordingly, because the construction of statutes and case law involve questions of law over which our review is plenary; *State* v. *Smith*, 257 Conn. 216, 222, 777 A.2d 182 (2001); the record is adequate to review this issue.

The trial court's memorandum of decision, in its relevant portion, provides as follows: "The defendant introduced ninety-eight pages containing copies of three checks per page, of a checking account . . . to demonstrate that the plaintiff had access to her parents' funds

for her use and the children's needs. The defendant cites . . . *Unkelbach* v. *McNary*, [supra, 244 Conn. 350], for the proposition that this court must consider such source in setting the new order. In *Unkelbach*, as in *McGuinness* [v. *McGuinness*, supra, 185 Conn. 7], it is the payor's ability that is enhanced by the companion's income or the current spouse's income. The court has no case declaring that the payor should benefit from the largesse of the payee's parents. The defendant is ordered to pay the sum of $50,000 monthly to the plaintiff as unallocated alimony and child support . . . ."

As Judge Dupont aptly stated in her dissenting opinion in the Appellate Court, we interpret the trial court's statement as reflecting the court's conclusion that *Unkelbach*'s holding is inapplicable if it is a payee's income that is enhanced. "The receipt of the money by the plaintiff, as a payee of the defendant's support obligation, therefore, according to the court, need not be considered. In other words, whether the word 'largesse' was a finding of a gift would [have been] irrelevant, in the court's view, because the plaintiff received the sums as the payee rather than the payor of the support obligation." *Zahringer* v. *Zahringer*, supra, 69 Conn. 265 (*Dupont, J.*, dissenting).

"[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . . *Unkelbach* v. *McNary*, [supra, 244 Conn. 357]; *Jenkins* v. *Jenkins*, [243 Conn. 584, 588, 704 A.2d 231 (1998)]." (Internal quotation marks omitted.) *Marrocco* v. *Giardino*, 255 Conn. 617, 624, 767 A.2d 720 (2001). In the present case, the trial court relied on the distinction between payor and payee in deciding whether to consider the plaintiff's access to her parents' money. This reliance was misplaced. As the parties in the present case agree, there is nothing in General Statutes § 46b-

82 or § 46b-86 or in the cases cited by the trial court to indicate that there is a legal distinction in how to treat income between the former spouse who pays support and the former spouse who receives support. In *either* case, the payments that are made regularly and consistently to one of the former spouses are to be considered by a trial court in setting financial orders. *Unkelbach* v. *McNary*, supra, 365. There is nothing in *Unkelbach* or in the cases cited therein that limits consideration of such funds to payors or to fact situations involving child support guidelines. Nor do we find any statute within chapter 815j of the General Statutes, entitled "Dissolution of Marriage, Legal Separation and Annulment," that makes the distinction raised by the trial court in this case.

The plaintiff has argued that, if we determine that the trial court improperly decided that it was not required to consider the plaintiff's access to her parents' funds because she was the payee, as opposed to the payor, the judgment nevertheless should be affirmed on what is, essentially, an alternate basis. Specifically, the plaintiff contends that, because the funds constituted a loan, which as a matter of law should not be considered by the court when setting alimony and child support awards, the trial court's decision to disregard the funds was proper.[2] The trial court, however, never made a finding characterizing the funds.

[2] Specifically, the plaintiff contends that "no state has ever held that loans with an obligation of repayment constitute income for purposes of support." She cites L. Morgan, Child Support Guidelines: Interpretation and Application (Sup. 2002) § 2.03 [e] [14] and [20] [ii] [B], as well as numerous cases from other jurisdictions, in support of that position. The defendant argues that there is no blanket rule but, rather, that courts examine the nature of the loan. The issue of whether *any* loan, regardless of whether it is the result of an arm's-length transaction and irrespective of its terms, properly may be considered by the trial court in fashioning financial orders is not yet ripe for our consideration in this case because the trial court made no finding in this regard. Following our remand, should the trial court determine that the fund was not a gift, the trial court may make the necessary findings in connection with that issue. We further note that on remand the trial court

Our rules regarding the need to seek an articulation of the factual basis of the trial court's decision are well settled. It is the responsibility of the appellant to move for an articulation in order to clarify the basis of the trial court's decision should such clarification be necessary for effective appellate review of the issue on appeal. *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 394, 757 A.2d 1074 (2000); see also Practice Book § 61-10 (appellant responsible for clarifying record for issue on appeal); Practice Book § 66-5 (articulation of trial court decision proper to clarify factual basis of court's decision). It is, therefore, the responsibility of the appellant to move for an articulation or clarification of the record when the trial court has failed to state the basis of a decision. *State* v. *Andresen*, 256 Conn. 313, 337–38 n.25, 773 A.2d 328 (2001). These rules have equal import when the appellee seeks to affirm the judgment on an alternate ground. See *Metropolitan District Commission* v. *AFSCME, Council 4, Local 3713*, 35 Conn. App. 804, 805 n.1, 647 A.2d 755 (1994) (placing burden on appellee to provide adequate record for review of apparent alternate ground for affirmance that trial court had not addressed in memorandum of decision); *State* v. *One 1981 BMW Automobile*, 15 Conn. App. 589, 599, 546 A.2d 879 (1988) (same); see also Practice Book § 67-5 (appellee's brief must contain statement of any issue involved as to which he or she disagrees with statement of appellant).

On the basis of its legal determination that the funds made available to the plaintiff, the payee, were of no legal relevance, the trial court did not rule on this alternate ground. The plaintiff, however, did not move for an articulation of the trial court's ruling regarding the

will have before it the issue of whether paragraph 3.5 of the settlement agreement approved by the court requires it to consider the funds, regardless of how they are characterized.

characterization of the funds. We conclude that this failure is fatal to the alternate basis for affirmance. "Without a clear finding by the trial court of the facts which underlie the [plaintiff's] claim, we do not know the true nature of the issue we are asked to review. The [plaintiff] has clearly failed to carry [her] burden in properly presenting a claim for our review." (Internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4, Local 3713*, supra, 35 Conn. App. 805 n.1; *State* v. *One 1981 BMW Automobile*, supra, 15 Conn. App. 599.

Moreover, "[i]f the alternate issue was not ruled on by the trial court, the issue must be one that the trial court would have been forced to rule in favor of the appellee. Any other test would usurp the trial court's discretion." W. Horton & S. Cormier, Rules of Appellate Procedure (2003 Ed.) § 63-4 (a) (1), comment, p. 138. On the record before us, we cannot conclude that the trial court would have been forced to rule in favor of the plaintiff on this claim. For example, we do not have any factual findings regarding the nature of the plaintiff's access to the funds or under what terms and conditions, if any, the money must be repaid. We, therefore, decline to address the plaintiff's alternate ground for affirmance.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case for a new hearing on the motion for modification.

In this opinion the other justices concurred.