# MARTIN F. DICKINSON *v.* GARRELL MULLANEY, CHIEF EXECUTIVE OFFICER, CONNECTICUT VALLEY HOSPITAL, ET AL.
## (SC 17614)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued March 13—officially released December 11, 2007

*Jo Anne Sulik*, senior assistant state's attorney, with whom, on the brief, was *Matthew C. Gedansky*, state's attorney, for the appellants (respondents).

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellee (petitioner).

675

*Opinion*

VERTEFEUILLE, J. The respondents, Garrell Mullaney, the chief executive officer of Connecticut Valley Hospital, and Thomas A. Kirk, Jr., the commissioner of mental health and addiction services, appeal, following our grant of certification, from the judgment of the Appellate Court reversing the judgment of the habeas court denying the amended petition for a writ of habeas corpus filed by the petitioner, Martin F. Dickinson. *Dickinson* v. *Mullaney*, 92 Conn. App. 689, 887 A.2d 390 (2005). We reverse the judgment of the Appellate Court on the ground that the record is inadequate for appellate review.

The Appellate Court's opinion sets forth the following relevant facts and procedural history. "On September 15, 1984, the petitioner was arrested and charged with sexual assault in the first degree in violation of General Statutes § 53a-70 (a), kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and cruelty to persons in violation of General Statutes § 53-20. On March 5, 1985, the petitioner waived his right to a jury trial, and pleaded not guilty by reason of mental disease or defect to a substitute information charging him with sexual assault in the first degree in violation of § 53a-70 (a) and kidnapping in the second degree in violation of General Statutes § 53a-94.[1] On that date, the petitioner was tried to the court. After hearing the evidence, the court found the petitioner not guilty by reason of mental disease or defect. On June 4, 1985, the court committed the petitioner to the custody of the commissioner of mental health and addiction services for a period not to exceed twenty years.

[1] We note that the offenses with which the petitioner was charged and those for which he subsequently was convicted, were governed by the 1983 revision of the General Statutes. Those statutory provisions subsequently have been amended, however, those changes are not relevant for purposes of our discussion of the issues on appeal.

"On September 19, 2001, the petitioner filed a petition for a writ of habeas corpus. In his two count amended petition, the petitioner claimed that he did not receive the effective assistance of counsel in the criminal proceedings and that his plea was not knowing, intelligent and voluntary. The respondents filed a return in which they claimed, inter alia, that the petitioner's claims were barred by laches and that he has been procedurally defaulted in his claim regarding his plea because he did not timely seek to withdraw his plea in the underlying criminal proceedings. The petitioner, in his reply to the respondents' return, denied the claim of laches and asserted, generally, that he did not seek to withdraw his plea or to appeal directly from the court's finding of not guilty by reason of mental disease or defect because his attorney had represented him inadequately.

"The matter was tried to the [habeas] court on April 21, 22 and 29, 2004. The petitioner and his parents testified, as did two legal experts and an attorney from the petitioner's trial counsel's firm. Counsel stipulated that the petitioner's trial counsel, the trial judge and the trial prosecutor had died since the date of the petitioner's commitment. By memorandum of decision filed July 15, 2004, the court denied the habeas petition on the ground that the petitioner's claims were barred by laches." Id., 691–92.

Thereafter, the petitioner filed a petition for certification to appeal to the Appellate Court.[2] On appeal in that

[2] The habeas court dismissed the petition for certification to appeal, stating that this is "a civil case and does not require the granting of a petition for certification to appeal . . . ." Noting that neither General Statutes § 52-470 (b), General Statutes § 17a-575, nor chapter 319i of the General Statutes explicitly indicates whether the petitioner, who was acquitted by reason of mental disease or defect, must petition for certification to appeal from the judgment of the habeas court, the Appellate Court concluded that it had jurisdiction over the appeal "either because no certification to appeal is necessary or, in the alternative, because the habeas court, by implication, granted certification." *Dickinson* v. *Mullaney*, supra, 92 Conn. App. 692–93 n.3. Neither the petitioner nor the respondents have disputed the Appellate

court, the petitioner claimed that: (1) the habeas court improperly had concluded that the equitable defense of laches is available in a habeas corpus action; and (2) even if laches could be raised as a defense to a habeas petition, the habeas court improperly had applied laches in the present case. Id., 690. The Appellate Court refused to address the petitioner's first claim because he had failed to raise that claim in the habeas court. Id. With regard to the second claim, the Appellate Court concluded that the habeas court improperly had determined that the petition was barred by laches. Id., 690–91. Specifically, the Appellate Court concluded that the habeas court had not made a necessary finding of inexcusable delay by the petitioner, and, further, that the evidence in the record was insufficient to support such a finding. Id., 695. The Appellate Court then reversed the judgment of the habeas court and remanded the case for further proceedings. Id. The certified appeal to this court followed.[3]

The respondents claim that the Appellate Court improperly reversed the habeas court's judgment denying the petitioner's claim. Specifically, the respondents assert that the habeas court properly applied the doctrine of laches, and that the habeas court's failure to make a specific factual finding that the petitioner's delay was inexcusable did not render its determination improper. Moreover, the respondents claim that the petitioner was obligated to seek an articulation to clarify the habeas court's ruling and that, without such a ruling, the record was inadequate for review by the Appellate Court. In response, the petitioner contends that the Appellate Court properly concluded that the

Court's conclusion. We agree with the Appellate Court and, accordingly, we conclude that we also have jurisdiction over this appeal.

[3] We granted the respondents' certification to appeal to this court limited to the following issue: "Did the Appellate Court properly determine that the trial court had improperly applied the defense of laches in this habeas corpus action?" *Dickinson* v. *Mullaney*, 277 Conn. 913, 895 A.2d 788 (2006).

habeas court had made no finding of inexcusable delay and that the record was insufficient to support a finding of inexcusable delay. The petitioner further raises three alternative grounds to affirm the judgment of the habeas court. We agree with the respondents that the petitioner has failed to provide an adequate record for appellate review of his claim that the habeas court improperly failed to find inexcusable delay, and, accordingly, we reverse the judgment of the Appellate Court.

We begin with the applicable standard of review. "[A] habeas court's findings of fact are reviewed under a clearly erroneous standard of review, questions of law are subject to plenary review." (Internal quotation marks omitted.) *Mead* v. *Commissioner of Correction*, 282 Conn. 317, 322, 920 A.2d 301 (2007). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Lawrence*, 282 Conn. 141, 154–55, 920 A.2d 236 (2007). "A conclusion by the trial court that a party has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law." (Internal quotation marks omitted.) *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 350, 579 A.2d 1054 (1990).

The record and the Appellate Court opinion reveal the following additional facts and procedural history relevant to this appeal. In its memorandum of decision, the habeas court recognized that "[t]he defense of laches consists of two elements. First, there must have been a delay that was inexcusable and, second, that delay must have prejudiced the defendant. . . . The defense of laches does not apply unless there is an unreasonable, inexcusable, and prejudic[ial] delay in bringing suit. Delay in itself is insufficient to bar a right, the delay in bringing suit must be unduly prejudicial." (Citation omitted; internal quotation marks omitted.) The habeas court found: "There is no question that the respondent[s] [were] unduly prejudiced at the trial. The petitioner's counsel who tried the 1985 case was deceased and, therefore, not available to refute the petitioner's allegations of failure to advise him of the consequences of his plea and failure to advise him that he might serve a longer time incarcerated than if he pleaded guilty to the charges. The petitioner's testimony as to his conversations, with his then attorney, were self-serving and not subject to refute by testimony of his former attorney. The prosecuting attorney was also deceased and unavailable, as was the trial judge. The court expressly finds that the petitioner's delay in bringing his habeas petition was unduly prejudicial to the respondent[s]." The habeas court then denied the petitioner's petition.

On appeal to the Appellate Court, the petitioner claimed that the habeas court improperly concluded that his claims were barred by laches without making the requisite factual findings of inexcusable delay and prejudice. *Dickinson* v. *Mullaney*, supra, 92 Conn. App. 694. The Appellate Court agreed with the petitioner, concluding that, although the habeas court had found that the respondents were prejudiced by the delay because the petitioner's trial counsel, the prosecuting

attorney and the trial judge were deceased, the habeas court made no finding that the delay was inexcusable. Id., 695. The Appellate Court further concluded that the evidence was insufficient to support a finding of inexcusable delay. Consequently, the Appellate Court reversed the judgment of the habeas court and remanded the case for further proceedings. Id.

"It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter. . . . In the absence of any such attempts, we decline to review this issue." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 232, 828 A.2d 64 (2003); see also Practice Book §§ 60-5 and 66-5.

In the present case, we conclude that the Appellate Court improperly reached the merits of the petitioner's claims on appeal because the habeas court record is inadequate to permit any meaningful review of the petitioner's claim that the habeas court had not made the requisite finding of inexcusable delay. The habeas court's memorandum of decision reflects that the court accurately understood the law of laches, including the requirement of a finding that the delay was inexcusable. The habeas court, however, failed to make such a finding despite its determination that the petitioner's claim was barred by laches. The habeas court found only that "the petitioner's delay in bringing his habeas petition was unduly prejudicial to the respondent[s]." The habeas court's failure to make a finding of inexcusable delay therefore is an " 'overlooked matter' " that must be addressed by the appellant, here, the petitioner, in order to provide an adequate record for review. *Schoonmaker* v. *Lawrence Brunoli, Inc.*, supra, 265 Conn. 232.

The petitioner, however, did not file a motion for articulation requesting the habeas court to address whether the delay was inexcusable or to otherwise clarify its finding of laches. As a result, it is impossible to determine both whether the habeas court found that the petitioner's delay in bringing his claims was inexcusable and, if so, the evidentiary basis for any such finding. It is axiomatic that "[a]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed." (Internal quotation marks omitted.) *Desrosiers* v. *Henne*, 283 Conn. 361, 366, 926 A.2d 1024 (2007). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the petitioner's claims] would be entirely speculative." (Internal quotation marks omitted.) *State* v. *Dalzell*, 282 Conn. 709, 720, 924 A.2d 809 (2007).

The petitioner claims that the habeas court improperly applied the doctrine of laches because it failed to make a specific finding of inexcusable delay. We disagree. "It is the responsibility of the appellant to move for an articulation in order to clarify the basis of the trial court's decision should such clarification be necessary for effective appellate review of the issue on appeal." *Zahringer* v. *Zahringer*, 262 Conn. 360, 370, 815 A.2d 75 (2003). "[A]n articulation is appropriate where the trial court's decision contains some ambiguity or *deficiency* reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Emphasis added; internal quotation marks omitted.) *Grimm* v. *Grimm*, 276 Conn. 377, 389, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct.

2296, 164 L. Ed. 2d 815 (2006). We therefore conclude that "[i]n accordance with Practice Book § [64-1], the petitioner has a duty to provide this court with a record for review. . . . The [petitioner's failure to comply with this section renders the record inadequate and] . . . the petitioner's [claims] must fail." (Internal quotation marks omitted.) *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 689, 657 A.2d 1115 (concluding record was inadequate where petitioner failed to file motion for articulation requesting habeas court to address separately one of his claims), cert. denied, 234 Conn. 912, 660 A.2d 354 (1995).

The petitioner also asserts three alternate grounds for affirming the judgment of the Appellate Court: (1) the defense of laches is not available as a defense in a habeas corpus action in this state; (2) the habeas court failed to weigh the equities as required for the defense of laches; and (3) the respondents failed to meet their burden of showing particularized prejudice.[4] We reject all three grounds.

The petitioner first asserts that the judgment of the Appellate Court should be affirmed on the alternate

---

[4] The petitioner filed a statement of alternative grounds for affirmance pursuant to Practice Book § 84-11. In that statement, the petitioner raised only the single question of whether the Appellate Court's decision should be affirmed on the alternate ground that the equitable defense of laches is not available as a defense in a habeas corpus action in this state. The petitioner failed to include its other two alternate grounds for affirmance. "[W]e have refused to consider an issue not contained in a [statement of alternate grounds for affirmance] only in cases in which the opposing party would be prejudiced by consideration of the issue." *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 599–600 n.3, 748 A.2d 278 (2000). We will consider the plaintiff's two additional alternate grounds for affirmance inasmuch as the respondents have not argued that they were prejudiced by the petitioner's failure to include these claims in its statement of alternate grounds. Moreover, the petitioner raised these claims in the Appellate Court and fully briefed these claims in this court. Accordingly, the respondents had adequate opportunity to respond to these claims. See *State* v. *DeLoreto*, 265 Conn. 145, 152 n.11, 827 A.2d 671 (2003).

ground that the defense of laches is not applicable in a habeas corpus action in this state. The petitioner raised this claim in the Appellate Court, but that court refused to address the claim because it concluded that the petitioner had not raised this claim before the habeas court. *Dickinson* v. *Mullaney*, supra, 92 Conn. App. 693–94. We agree with the Appellate Court and, accordingly, decline to consider this claim.

The petitioner's second alternate ground of affirmance is that the habeas court's memorandum of decision demonstrates that it "mechanically applied laches to deny relief . . . [and that its] perfunctory analysis is devoid of any balancing of the equities, weighing of competing interests, or exercise of discretion." We note at the outset that the habeas court's memorandum of decision is silent as to whether it considered the competing interests of the parties or balanced the equities in making its determination. Nevertheless, the petitioner did not file a motion for articulation requesting that the habeas court address this issue. As a result, it is impossible for us to determine whether the habeas court balanced the equities or weighed the competing interests of the parties and, if so, the evidentiary basis for its findings. As we explained previously herein, it is the duty of the party presenting an issue for appellate review "to move for an articulation or clarification of the record when the trial court has failed to state the basis of a decision. . . . These rules have equal import when the appellee seeks to affirm the judgment on an alternate ground." (Citation omitted.) *Zahringer* v. *Zahringer*, supra, 262 Conn. 370. We conclude, therefore, that the record is inadequate for appellate review of the petitioner's second alternate ground for affirmance.

The petitioner asserts as his third alternative ground for affirmance that the judgment of the habeas court should be reversed because the evidence was insuffi-

cient for the habeas court to determine that the respondents were prejudiced. We disagree. The evidence before the habeas court established that the principal participants in the petitioner's 1985 criminal trial, namely, the petitioner's trial counsel, the prosecuting attorney, and the trial judge, all had died in the sixteen year period between the petitioner's being committed to the custody of the commissioner of mental health and addiction services and the petitioner's filing of a petition for a writ of habeas corpus in September, 2001. The habeas court specifically found that the respondents were unduly prejudiced in the habeas proceedings, noting that the death of the petitioner's trial counsel precluded the respondents from refuting the petitioner's allegations that his trial counsel had failed to advise him of the consequences of his plea of not guilty by reason of mental disease or defect. The habeas court also specifically found that the death of the prosecuting attorney and the trial judge also prejudiced the respondents. As we have noted previously, a finding of laches is a question of fact for the trier of fact, and we must review such findings under a clearly erroneous standard of review. *Mead* v. *Commissioner of Correction*, supra, 282 Conn. 322 ("a habeas court's findings of fact are reviewed under a clearly erroneous standard of review" [internal quotation marks omitted]); *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 350 ("[a] conclusion by the trial court that a party has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law" [internal quotation marks omitted]). On the basis of the evidence before the habeas court, we are unable to conclude that its finding that the respondents were prejudiced is clearly erroneous.

The judgment of the Appellate Court is reversed and the case is remanded with direction to affirm the judgment of the habeas court.

In this opinion the other justices concurred.