WANDA BOBINSKI *v.* TADEUSZ KALINOWSKI ET AL.
(AC 28066)

Bishop, Lavine and Robinson, Js.

---

Argued March 14—officially released May 13, 2008

*Anthony E. Parent*, for the appellant-appellee (plaintiff).

*Joel M. Ellis*, with whom, on the brief, was *Alan J. Rome*, for the appellee-appellant (named defendant).

the petitioner would receive some jail time credit was factually and legally correct.

BISHOP, J. In this action for the foreclosure of a judgment lien, the plaintiff, Wanda Bobinski, appeals from the trial court's judgment denying foreclosure, ordering the discharge of the judgment lien and awarding attorney's fees to the defendant Tadeusz Kalinowski.[1] The defendant cross appeals, claiming that the court should have awarded greater attorney's fees. We affirm the judgment of the trial court.

The following factual and procedural history is relevant to the resolution of the issues on appeal. On December 13, 2004, the plaintiff filed this action seeking to foreclose a judgment lien in the amount of $2500. The plaintiff alleged that she obtained a judgment against the defendant in that amount on December 21, 1993, in an action she filed against the defendant for conversion of personalty. In that case, *Kropelnicki* v. *Kalinowski*, Superior Court, judicial district of Middlesex, Docket No. CV-92-0064000-S (December 22, 1993), the court held: "Judgment is entered for the plaintiff . . . to recover of the defendant . . . the sum of $2500 without costs. However, the court, having taken judicial notice of the pending custody and support case, is aware of substantial arrearages therein owed by the plaintiff to the defendant . . . for the support of the minor child. Said arrearages were admitted by the plaintiff to be approximately $2000. The judgment entered herein shall be first applied as a credit against the existing arrearage of approximately $2000. The balance of the judgment shall apply to current payments until the judgment is exhausted, at which time payments in the support case should proceed as ordered therein."

The plaintiff further alleged, in this action, that, after the defendant failed to pay the judgment, she filed a

---

[1] The plaintiff also named Freedom Mortgage Corporation as a defendant in this action. Because Freedom Mortgage Corporation is not a party to this appeal, we refer to Kalinowski as the defendant.

judgment lien on the land records on December 2, 2002, attaching an interest in real property owned by the defendant in Southington. The defendant filed a counterclaim indicating that he had sought a release of the judgment lien but that the plaintiff had not complied with the request and that he was, therefore, seeking statutory damages pursuant to General Statutes §§ 49-8, 49-13 and 49-51, plus reasonable costs and attorney's fees.

On July 6, 2006, after trial, the court issued its memorandum of decision rendering judgment in favor of the defendant. The court determined that the plaintiff's foreclosure complaint was "without merit, and if [the plaintiff] is entitled to any relief, she must seek it initially within the context of the judgment rendered . . . in *Kropelnicki* v. *Kalinowski*, supra, Superior Court, Docket No. CV-92-0064000-S." On the counterclaim, the court ordered that the lien be removed from the land records and that the plaintiff pay costs plus $3000 in attorney's fees. The defendant filed a motion for reconsideration, which was denied. The plaintiff filed a motion to reargue, which also was denied. The plaintiff filed this appeal, and the defendant filed a timely cross appeal.

I

The plaintiff first claims that the court improperly denied her request for a judgment of foreclosure of the judgment lien. Specifically, the plaintiff claims that she presented a prima facie case for foreclosure and that the defendant did not meet his burden of proving any of his special defenses. We disagree.

"A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of

the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Angle*, 284 Conn. 322, 326, 933 A.2d 1143 (2007).

It is axiomatic, however, that "[a]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative." (Citation omitted; internal quotation marks omitted.) *Dickinson* v. *Mullaney*, 284 Conn. 673, 681, 937 A.2d 667 (2007).

In the present case, the plaintiff claims that she made a prima facie case for foreclosure and that the defendant failed to prove any of his eight special defenses. Because the court did not provide any reason for its denial of the plaintiff's request for foreclosure, we do not know whether the court denied the foreclosure on the basis of a deficiency of the evidence presented by the plaintiff or if the court credited one of the defendant's special defenses. Under these circumstances, the plaintiff should have filed a motion for articulation to preserve an adequate record for review. "It is well established that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Citation omitted; internal quotation marks omitted.)

*Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 685–86, 911 A.2d 300 (2006). In light of the status of the record before us, we cannot review the plaintiff's claims.[2]

## II

On cross appeal, the defendant claims that the court improperly limited his award of attorney's fees to $3000.[3] The defendant claims that the court should have awarded him greater attorney's fees under § 49-51 or should have doubled the award pursuant to General Statutes § 52-568 (1). We are unpersuaded.

In his counterclaim, the defendant sought damages and attorney's fees pursuant to §§ 49-8, 49-13 and 49-51.[4] At trial, the defendant also sought attorney's fees

---

[2] The plaintiff also claims that the court improperly discharged the judgment lien because the judgment remains unsatisfied. Although the court did find that the $2500 judgment had not been satisfied, the court concluded only that the defendant's counterclaim was "meritorious under the present circumstances" and ordered the lien removed. Because we are unaware of the legal or factual bases for the court's conclusion, and the plaintiff did not move for an articulation seeking explanation of the court's ruling, we are unable to review this claim as well.

Similarly, this court declines to review the plaintiff's claim that the trial court improperly denied her motion for costs pursuant to Practice Book § 10-5 because the court provided no legal or factual basis for its denial and the plaintiff did not seek an articulation. The record is, therefore, inadequate for our review.

[3] The plaintiff also challenges the award of attorney's fees. The plaintiff contends, with no supporting analysis, that because the judgment remained unsatisfied and the defendant made no attempts to satisfy it, the lien was filed with just cause, and the court, therefore, improperly awarded attorney's fees under § 49-51. Because the plaintiff's argument rests on facts that were not found by the court, namely, that the lien was filed with just cause, her claim fails.

[4] General Statutes § 49-51 (a) provides: "Any person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-380d, by first class mail, postage prepaid, to the person requesting the discharge. If the lien is not discharged within thirty

pursuant to § 52-568 (1).[5] In its memorandum of decision, after denying the plaintiff's request for foreclosure and concluding that the defendant's counterclaim was meritorious, the court "in light of the evidence and totality of circumstances," ordered the plaintiff to pay attorney's fees of $3000. In response to the defendant's motion for articulation, the court found that "[t]he trial of this complaint and counterclaim . . . lasted approximately two hours. Upon review of the entire record, the court is of the opinion that the award of attorney's fees of $3000 on the counterclaim is fair, just and reasonable pursuant to General Statutes § 49-51." The court also found that there was no legal or factual basis to support the defendant's claim of double counsel fees pursuant to § 52-568.

"An award of attorney's fees is not a matter of right. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case. . . . A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal; we may not alter an award of attorney's fees unless the trial

---

days of the notice, that person may apply to the Superior Court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request. If the court is of the opinion that such certificate of lien was filed without just cause, it may allow, in its discretion, damages to any person aggrieved by such failure to discharge, at the rate of one hundred dollars for each week after the expiration of such thirty days, but not exceeding in the whole the sum of five thousand dollars or an amount equal to the loss sustained by such aggrieved person as a result of such failure to discharge the lien, which loss shall include, but not be limited to, a reasonable attorney's fee, whichever is greater."

[5] General Statutes § 52-568 provides in relevant part: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages . . . ."

court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Owen,* 88 Conn. App. 806, 816, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005).

Our Supreme Court has long "held that there is an undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an appropriate evidentiary showing. . . . We also have noted that courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described . . . and that [c]ourts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees." (Citations omitted; internal quotation marks omitted.) *Smith* v. *Snyder,* 267 Conn. 456, 471, 839 A.2d 589 (2004).

The court is permitted "to assess the reasonableness of the fees requested using any number of factors, including its general knowledge of the case, sworn affidavits or other testimony, itemized bills and the like. . . . [T]he value of [reasonable attorney's fees] is based on many considerations." (Internal quotation marks omitted.) Id., 480.

In support of his claim for attorney's fees, the defendant submitted an affidavit, with corresponding time sheets, claiming that his attorney spent 121.32 hours on his case, at a rate of $250 per hour. In awarding $3000, the court noted that the trial in this matter took two hours. Employing the rate of $250 per hour, we might infer, therefore, that the court awarded fees for an additional ten hours.[6] Because we defer to the trial

---

[6] The record reveals that the parties stipulated that the hourly rate of $250 was fair and reasonable.

court's unique position to best evaluate the circumstances of each case, we cannot conclude that the court abused its discretion in not awarding more attorney's fees under § 49-51.

Additionally, the defendant argues that the court's award under § 49-51 was an indication that the court determined that the lien was filed without just cause and, therefore, that the foreclosure action was, by extension, filed without probable cause, thus supporting the defendant's claim for double fees pursuant to § 52-568. Because it is not our province to make such a finding and because the court rejected the defendant's claim for double fees pursuant to § 52-568 as having no basis in fact or law, we cannot conclude that the court abused its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.