# DAVID BINGHAM ET AL. *v.* DEPARTMENT OF PUBLIC WORKS
## (SC 17817)

Rogers, C. J., and Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued October 23, 2007—officially released May 6, 2008

*William Bingham*, for the appellants (plaintiffs).

*Charles H. Walsh III*, assistant attorney general, with whom were *Nancy E. Arnold*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. The plaintiffs appeal from the judgment of the trial court dismissing their administrative appeal brought pursuant to General Statutes § 4-183[1] from a declaratory ruling of the commissioner of public works (commissioner) that the provisions of the state Environmental Policy Act, General Statutes § 22a-1 et seq. (policy act), did not apply to the proposed transfer of certain real property by the defendant, the department of public works (department). The dispositive issue in this appeal is whether the trial court properly dismissed the plaintiffs' appeal on the ground that the plaintiffs were not aggrieved as required under the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. We conclude that the trial court properly dismissed the plaintiffs' appeal, and, accordingly, we affirm the judgment of the trial court.

---

[1] General Statutes § 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

The record reveals the following facts and procedural history. This appeal arises out of the intended sale of the former Norwich State Hospital (hospital) property, where operations ceased in 1996. Pursuant to General Statutes §§ 3-14 and 4b-21, the department offered to sell the portion of the hospital property that is located in the town of Preston to that town and to sell the remaining portion of the property, which is located in the city of Norwich, to that city. Both municipalities notified the department that they wished to purchase these properties.

The plaintiffs, David Bingham, who is a resident of Salem, and Robert Fromer, who is a resident of Windsor, petitioned the commissioner for a declaratory ruling as to whether the policy act applies to the proposed transfers of the hospital property from the state to the town of Preston and the city of Norwich.[2] The commissioner issued a declaratory ruling on October 21, 2005, concluding that the policy act did not apply to the proposed sale of the hospital property.

The plaintiffs thereafter appealed from the commissioner's decision to the Superior Court pursuant to the UAPA, specifically, General Statutes §§ 4-176 (h) and 4-183 (a). The commissioner filed a motion to dismiss the plaintiffs' appeal, claiming that the trial court did not have subject matter jurisdiction over the appeal because the plaintiffs were not aggrieved by the declaratory ruling. The trial court granted the motion to dismiss, concluding that the plaintiffs were neither statutorily nor classically aggrieved, and therefore failed to meet the aggrievement requirement of the UAPA set forth in § 4-183 (a). This appeal followed.[3]

---

[2] The policy act requires the preparation and review of an environmental impact statement for certain projects or activities to be undertaken or funded by the state. General Statutes § 22a-1b (c).

[3] The plaintiffs appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the plaintiffs claim that the trial court improperly dismissed their appeal for lack of subject matter jurisdiction because it improperly concluded that they were not aggrieved. More specifically, the plaintiffs assert that they had established both statutory and classical aggrievement. The department asserts in response that the trial court properly dismissed the plaintiffs' appeal because the plaintiffs are neither statutorily nor classically aggrieved under the UAPA.[4] We agree with the department and, accordingly, we affirm the judgment of the trial court.

"As a preliminary matter, we address the appropriate standard of review. If a party is found to lack [aggrievement], the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings."

---

[4] The department also claims that, even if the plaintiffs could establish statutory aggrievement in an appeal under the UAPA through application of the Environmental Protection Act of 1971, General Statutes § 22a-14 et seq., the plaintiffs' allegations are insufficient under that act. Because we conclude that the trial court properly determined that the plaintiffs could not rely on the Environmental Protection Act to establish aggrievement under the UAPA, we need not address this claim.

(Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London,* 282 Conn. 791, 802, 925 A.2d 292 (2007).

We begin with a brief review of some basic principles of aggrievement. "Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . . Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) Id., 803.

In the present case, the plaintiffs brought their appeal from the commissioner's declaratory ruling pursuant to the UAPA, more particularly § 4-183. "It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* 226 Conn. 105, 120, 627 A.2d 1257 (1993). Section 4-183 (a) explicitly provides that "[a] person who has exhausted all administrative remedies available within the agency and *who is aggrieved* by a final decision may appeal to the Superior Court as provided in this section." (Emphasis added.) Therefore, "[p]leading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an

administrative appeal must be dismissed for lack of subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.) *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* supra, 120–21.

I

The plaintiffs first claim that the trial court improperly determined that they are not statutorily aggrieved. More specifically, the plaintiffs assert that the UAPA must be read together with the Environmental Protection Act of 1971, General Statutes § 22a-14 et seq. (protection act), which demonstrates that the legislature intended a party to an adverse declaratory ruling to be aggrieved for purposes of an appeal under the UAPA if that party is raising environmental concerns. We disagree.

"[The protection act] expands the class of plaintiffs who are empowered to institute proceedings to vindicate the public interest [in the environment]. The [protection] act creates both procedural and substantive rights. Similar acts have been passed in many states. They are best known for eliminating standing barriers prevalent in traditional litigation." *Manchester Environmental Coalition* v. *Stockton,* 184 Conn. 51, 55–56, 441 A.2d 68 (1981), overruled in part on other grounds by *Waterbury* v. *Washington,* 260 Conn. 506, 556, 800 A.2d 1102 (2002). The protection act provides broad standing rights to raise environmental concerns, however, in only two distinct ways. First, General Statutes § 22a-16 authorizes any person or other entity to institute an independent action for declaratory and equitable relief "for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . ." Second, General Statutes § 22a-19 (a) provides in relevant part that any person or other entity may

intervene "[i]n any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

The present case is neither an independent action brought under § 22a-16 nor an administrative proceeding in which the plaintiffs have intervened under § 22a-19. Instead, the plaintiffs have brought this appeal pursuant to the UAPA, which, as we have set forth previously herein, requires that the appealing party be aggrieved in order to bring the appeal. The plaintiffs do not point to, and we do not find, any explicit language in the protection act that demonstrates the legislature's intent to alter the aggrievement requirement for appeals brought pursuant to the UAPA if the appealing party happens to raise an environmental issue.[5] Accordingly,

---

[5] At oral argument in this court, the plaintiffs asserted that the language of General Statutes §§ 22a-15 and 22a-20 supports their claim that the protection act provides statutory aggrievement for their claim. This claim, however, was not addressed by the trial court. In their brief to this court, the plaintiffs assert that, "the [trial] court failed to either address or analyze the plaintiffs' claims that they were statutorily aggrieved pursuant to [the protection act] . . . by the ruling." It is well established that if the plaintiffs thought that the trial court's memorandum of decision failed to address one of the claims that they had raised, it was their responsibility as the appellants to seek a motion for articulation from the trial court. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter. . . . In the absence of any such attempts, we decline to review this issue. . . . Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 232, 828 A.2d 64 (2003); see also Practice Book §§ 60-5 and 66-5." (Internal quotation marks omitted.) Dickinson v. Mullaney, 284 Conn. 673, 680, 937 A.2d 667 (2007). Accordingly, we do not reach the issue of whether §§ 22a-15 and 22a-20 provide a basis for statutory aggrievement for the plaintiffs' appeal under the UAPA.

we conclude that the plaintiffs have not established statutory aggrievement for their appeal under the UAPA.

## II

The plaintiffs claim that they also have established classical aggrievement for their appeal under the UAPA. Specifically, the plaintiffs claim that because they exercised their legal right to petition the commissioner for a declaratory ruling pursuant to § 4-176, they demonstrated a specific, personal and legal interest in the subject matter of the controversy. They further claim that they were specially and injuriously affected by the decision of the commissioner because they were interested in protecting the environment and the commissioner's decision adversely affected that interest. We disagree.

As we previously have set forth herein, "[c]lassical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London,* supra, 282 Conn. 803.

The plaintiffs in the present case assert that they have a specific, personal and legal interest in this controversy because they were the only individuals who petitioned the commissioner for a declaratory ruling concerning the applicability of the policy act to the proposed sale of the hospital property. The trial court rejected this reasoning, finding that "[t]he plaintiffs' only unique relation to the action of the commissioner in issuing his ruling is the fact that they were the petitioners. If this in and of itself were sufficient to appeal the adverse

declaratory ruling to the Superior Court, the provisions of § 4-183 requiring aggrievement would be meaningless." We agree with the trial court.

The plaintiffs are obliged to "establish the certainty of a specific personal and legal interest in the subject matter of the decision . . . ." (Internal quotation marks omitted.) *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* supra, 226 Conn. 122–23. The plaintiffs filed their petition for a declaratory ruling under § 4-176. Subsection (a) of § 4-176 provides as follows: "*Any person* may petition an agency, or an agency may on its own motion initiate a proceeding, for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency." (Emphasis added.) Thus, § 4-176 (a) confers broad rights on *any member of the public* to file a petition for a declaratory ruling without the need to establish any specific, personal and legal interest in the matter. Pursuant to § 4-176 (h), however, any appeal from the declaratory ruling must be brought under § 4-183, which requires that the person appealing demonstrate aggrievement. To meet this requirement, the appealing party must show a specific, personal and legal interest in the controversy that is *different* from the "general interest that all members of the community share." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London,* supra, 282 Conn. 803. The expansive right to petition for a declaratory ruling under § 4-176 therefore does not confer an automatic right to appeal under § 4-183.

The plaintiffs in the present case rely solely on the fact that they petitioned for the declaratory ruling to establish their personal interest in this appeal. This is not sufficient, for they have not asserted any specific,

personal and legal interest in the declaratory ruling beyond that shared by the general public, any member of which also could have sought a declaratory ruling without showing a personal interest in the matter. We therefore conclude that the plaintiffs have failed to establish the first requisite for classical aggrievement— that they had a specific, personal and legal interest in the decision of the commissioner different from that of the general public.[6]

The judgment is affirmed.[7]

In this opinion the other justices concurred.

---

[6] Because the plaintiffs did not establish a specific, personal and legal interest in the commissioner's decision that the policy act did not apply to the proposed sale of the hospital property, it is unnecessary to address the second prong of the classical aggrievement requirement, namely, whether their interest was injuriously affected by the decision.

[7] We note that, although the trial court properly dismissed the plaintiffs' appeal under the UAPA, the plaintiffs have alternate routes to raise their environmental concerns under the protection act. First, under § 22a-19 (a), the plaintiffs can intervene in and raise environmental issues in any municipal administrative proceeding for permits and approvals needed to develop the hospital property. Second, the plaintiffs could bring an independent action under § 22a-16 to challenge any development of the hospital property on environmental grounds.