WILLIAM BOCZER, EXECUTOR (ESTATE OF PATRICIA ANN BOCZER), ET AL. *v.* ENZO SELLA ET AL.
(AC 29295)

Bishop, Gruendel and Robinson, Js.

---

Argued December 1, 2008—officially released March 24, 2009

*Paul J. Pacifico*, for the appellants (plaintiffs).

*Ellen M. Costello*, for the appellees (named defendant et al.).

*Opinion*

ROBINSON, J. The plaintiff, William Boczer, individually and as executor of the estate of his late wife, Patricia

Ann Boczer (decedent),[1] appeals from the judgment of the trial court denying his motion for review of costs taxed by the court clerk. Specifically, the plaintiff maintains that the court improperly (1) taxed the expert witnesses' fees of the defendants Enzo Sella and Connecticut Orthopaedic Specialists, P.C.,[2] and (2) taxed the total bill of costs against his claim for loss of consortium. We reverse in part the judgment of the trial court and remand the matter for further proceedings.

The present case arises from a medical malpractice action asserted against the defendants. The plaintiff asserted two claims: in the first, acting in the capacity of the executor of the decedent's estate, he alleged a claim for medical malpractice; in the second, acting in his individual capacity, he asserted a claim for loss of consortium. On April 7, 2005, the jury returned a verdict in favor of the defendants, and the court rendered judgment in accordance therewith. Thereafter, on May 18, 2005, the defendants filed a bill of costs pursuant to General Statutes § 52-257 seeking recovery of $29,544.30. The plaintiff filed an objection to the bill of costs on May 31, 2005.[3]

Following a hearing pursuant to Practice Book § 18-5,[4] the clerk entered an order of taxation on August

---

[1] We refer in this opinion to William Boczer in both capacities as the plaintiff.

[2] Initially, the action was brought against several other defendants but was withdrawn as to them prior to trial. We therefore refer in this opinion to Sella and Connecticut Orthopaedic Specialists, P.C., as the defendants.

[3] We note that the defendants consistently have argued that the plaintiff failed to file a timely objection to the bill of costs. This argument was first raised in the defendants' reply to the plaintiff's memorandum of law in support of the motion to review costs and was reiterated in the defendants' appellate brief and related oral argument before this court. A review of the record, however, reveals that a timely objection was filed by the plaintiff on May 31, 2005. Furthermore, the clerk acknowledged and evaluated the plaintiff's specific objections in the memorandum of law regarding the taxation of costs. Any arguments made by the defendants pertaining to the plaintiff's failure to object to the bill of costs are, therefore, misplaced.

[4] Practice Book § 18-5 (a) provides in part: "[C]osts may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs

29, 2006, and awarded the defendants $23,935.17. The plaintiff subsequently filed a motion for review of the order of taxation on September 6, 2006. The motion, however, was marked off the short calendar by the court pending submission of a more detailed description of the plaintiff's grounds for review of the order of taxation. The plaintiff adhered to this order and, on December 26, 2006, filed a memorandum of law, detailing the basis for his request for review. Without conducting a hearing on the motion, the court declined to modify the order of taxation on September 17, 2007, on the ground that it found the clerk's review of the plaintiff's objections to be accurate. The judgment file, dated June 29, 2008, provides for the taxation of $23,935.17 against the plaintiff in both his individual and executor capacities. Additional facts will be set forth as necessary.

I

The plaintiff first argues that the court's taxation of the experts' fees was not properly based on any evidence concerning reasonableness. Specifically, he maintains that the clerk's determination of reasonable expert witness fees was made without the benefit of any evidence other than the invoices submitted by the defendants. Accordingly, it is the plaintiff's contention that the court's subsequent denial of the motion to review the taxation on the basis of the clerk's analysis

provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk." Subsection (b) provides for judicial review of the clerk's assessment. "Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk." Practice Book § 18-5 (b).

likewise was lacking the requisite foundation of evidence concerning the reasonableness of the requested fees.[5]

"The law expects parties to bear their own litigation expenses, except where the legislature has dictated otherwise by way of statute. . . . Costs are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them." (Citation omitted; internal quotation marks omitted.) *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 429, 922 A.2d 1056 (2007); see *Fengler* v. *Northwest Connecticut Homes, Inc.*, 215 Conn. 286, 291, 575 A.2d 696 (1990). Section 52-257 provides an enumerated list of fees recoverable by a party in a civil action. Of relevance to the present matter is subsection (b), which allows a prevailing party to recover the costs of a "witness' legal fee and mileage . . . ." General Statutes § 52-257 (b). General Statutes § 52-260 (f) provides further instruction for the recovery of a witness fee in cases, such as the present matter, in which a practitioner of the healing arts testifies as an expert. "When any practitioner of the healing arts . . . gives expert testimony in any action or proceeding, including by means of a deposition, *the court shall determine a reasonable fee to be paid to such practitioner of the healing arts . . .* and taxed as part of the costs in lieu of all other witness fees payable to such practitioner . . . ." (Emphasis added.) General Statutes § 52-260 (f).[6]

---

[5] As a preliminary matter, we note that although the defendants have argued that the plaintiff has failed to provide an adequate record for us to review his claim, a copy of the transcript of the clerk's hearing was submitted by the court and appears in the court file. Therefore, an adequate record for review exists.

[6] Although the plaintiff emphasizes the language of General Statutes § 52-260 (f), which provides that the "court shall determine a reasonable fee," he does not appear to contest the clerk's authority to conduct the initial reasonableness inquiry. Rather, the thrust of his argument focuses on the lack of an evidentiary foundation for reasonableness. As noted by our Supreme Court, however, "the costs to be included in a bill of costs generally are of a type that may be granted automatically by the court clerk. . . .

"[T]he reasonableness of a particular fee is a question of fact. [W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Altschuler* v. *Mingrone*, 98 Conn. App. 777, 781, 911 A.2d 337 (2006), cert. denied, 281 Conn. 927, 918 A.2d 276 (2007).

A review of the transcript of the hearing before the clerk reveals that the defendants did not submit additional evidence or testimony to establish that the

[A]n examination of [General Statutes] § 52-257 . . . reveals that most of the awards are automatic assessments, not involving the discretion of the court . . . . We also recognize that the fees and costs that may be requested in a bill of costs are not necessarily limited to those listed in § 52-257, or even to those included in chapter 901 of the General Statutes governing fees and costs in civil litigation." (Citations omitted; internal quotation marks omitted.) *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, supra, 282 Conn. 429–30. "Nevertheless, it is implicit in our statutes governing recoverable costs, and our rules of practice expressly contemplate, that the costs requested in a bill of costs generally are intended to be of a type that the court clerk may grant automatically." Id., 430 (emphasizing that Practice Book § 18-5 [a] provides that "costs may be taxed *by the clerk* in civil cases" [emphasis added]).

A review of the language of General Statutes § 52-260 (f) indicates that the statute does not provide for an automatic assessment; rather, as emphasized by the plaintiff, it states that the *"court shall determine* a reasonable fee to be paid to such practitioner of the healing arts . . . ." (Emphasis added.) General Statutes § 52-260 (f); cf. *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, supra, 282 Conn. 430 (concluding in part that determination of reasonable attorney's fee pursuant to General Statutes § 42-150bb requires exercise of trial court's discretion and is not subject to automatic assessment by clerk pursuant to Practice Book § 18-5).

requested expert witness fees were reasonable. Therefore, the only information that the court could have relied on was the invoices originally attached to the defendants' memorandum of law in support of the bill of costs. At the hearing, the defendants referenced the amounts stated in the invoices and informed the clerk of each physician's medical specialty. Standing alone, these invoices do not establish that the costs stated therein are reasonable.[7] In the absence of any evidence relating to the reasonableness of the fees listed in the invoices, we conclude that the court's determination was premised on an inadequate evidentiary foundation. Accordingly, we conclude that the court's denial of the motion for review of taxation was clearly erroneous.[8]

## II

The plaintiff next argues that the court improperly taxed the defendants' costs against the loss of consortium claim he brought in his individual capacity. Specifically, he maintains that the costs incurred arose solely from the litigation of the medical malpractice claim asserted on behalf of the decedent's estate and, therefore, should not be taxed against the claim for loss of consortium.

The following additional facts are relevant to our discussion. The plaintiff first raised this argument at the taxation of costs hearing conducted by the clerk on August 17, 2006. The clerk ambiguously concluded:

[7] Specifically, the invoice detailing the $2000 requested for physician Dickerman Hollister, Jr., merely states, "Prep and Testimony 4/6/05 5 Hrs. @ $400.00/hr $2000." Likewise, the invoice for physician Kevin P. Shea's testimony states, "Court testimony (April 5, 2005) 2 half-days @ $4,900.00/half day = 9,800.00." Finally, the invoice for physician Mark Mizel's testimony does not even include an hourly figure; rather, it requests $10,000 for "[t]estimony at trial April 1, 2005."

[8] The plaintiff also argues that the court improperly taxed costs for the expenses of the defendants' experts travel; however, we need not reach the merits of this argument in light of our conclusion that the case should be remanded for further proceedings on the issue of expert fees.

"There is no authority nor any guidance to determine what percentage, if any, of the defendants' costs were associated with the loss of consortium. Therefore, the clerk will not disturb the amounts awarded due to the claim of loss of consortium." In the memorandum of law in support of the motion for review of taxation, the plaintiff reiterates his argument that the defendants' costs were not properly taxed against the loss of consortium claim; however, he acknowledged that the clerk's taxation of costs was unclear on the issue. The court did not specifically address this argument when it denied the plaintiff's motion for review, and the plaintiff failed to request an articulation.

"Although [o]ur rules of practice require that the trial court state its decision on each issue in the case and its conclusion as to each issue in the case and its conclusions as to each claim of law raised by the parties . . . [i]t remains the appellant's responsibility to furnish an adequate appellate record." (Internal quotation marks omitted.) *Moasser* v. *Becker*, 107 Conn. App. 130, 137, 946 A.2d 230 (2008). "It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter. . . . In the absence of any such attempts, we decline to review this issue." (Internal quotation marks omitted.) *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 704 n.5, 945 A.2d 927 (2008). Here, the clerk acknowledged the lack of authority to guide her determination of the plaintiff's argument, and the court adopted this ambiguous analysis in its decision to deny the plaintiff's motion for review. The plaintiff did not seek an articulation of the basis of its decision. Accordingly, on the basis of an inadequate record, we decline to review the plaintiff's claim that

the court improperly taxed the costs against the loss of consortium claim.

The judgment is reversed as to the claim of improper taxation of expert fees and the case is remanded for further proceedings on that claim. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.