DAVID BINGHAM ET AL. *v.* DEPARTMENT OF PUBLIC WORKS ET AL.
(AC 31741)

Bishop, Gruendel and Robinson, Js.

Argued January 19—officially released March 22, 2011

*David Bingham,* pro se, and *Robert Fromer,* pro se, the appellants (plaintiffs).

*Nancy E. Arnold,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* former attorney general, for the appellee (named defendant).

*Charles L. Howard,* with whom was *Amber N. Sarno,* for the appellee (defendant town of Preston).

*Opinion*

PER CURIAM. This appeal arises from the sale and transfer of a parcel of real property by the defendant department of public works (department) to the defendant town of Preston (town). The plaintiffs, David Bingham and Robert Fromer, brought an action for declaratory and injunctive relief against the defendants, pursuant to General Statutes §§ 22a-16[1] and 22a-20,[2] to

---

[1] General Statutes § 22a-16 provides in relevant part: "[A]ny person . . . may maintain an action in the superior court for the judicial district wherein the defendant is located . . . for declaratory and equitable relief against . . . any instrumentality or agency of the state or of a political subdivision thereof . . . or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . ."

[2] General Statutes § 22a-20 provides in relevant part: "Sections 22a-14 to 22a-20, inclusive, shall be supplementary to existing administrative and regulatory procedures provided by law and in any action maintained under said sections, the court may remand the parties to such procedures. Nothing in this section shall prevent the granting of interim equitable relief where required and for as long as is necessary to protect the rights recognized herein. . . . At the initiation of any person entitled to maintain an action under said sections, such procedures shall be reviewable in a court of

prevent what they allege to be the negative environmental impacts reasonably likely to result from the sale and transfer. The plaintiffs now appeal from the judgment of dismissal rendered by the trial court in favor of the defendants. On appeal, they claim that the court improperly (1) dismissed a well pleaded complaint without reason, (2) granted the motion to dismiss for lack of subject matter jurisdiction and (3) denied their motion for reconsideration. We affirm the judgment of the trial court.

The following undisputed factual and procedural history is relevant to our resolution of the claims. On October 13, 2004, the town accepted the department's offer to sell portions of the site on which the defunct Norwich State Hospital had been operated. In April, 2005, the plaintiffs petitioned the department to declare that the sale and transfer was subject to the Environmental Policy Act, General Statutes § 22a-1 et seq. After the department ruled to the contrary, the plaintiffs appealed to the Superior Court, which dismissed the appeal for lack of standing. That judgment was affirmed by our Supreme Court in *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 945 A.2d 927 (2008).

On March 18, 2009, the plaintiffs filed a new, amended verified complaint, essentially seeking to enjoin the sale and transfer pending an environmental impact evaluation pursuant to General Statutes § 22a-1b or, alternatively, to void the sale and transfer agreement, and to issue a permanent injunction to protect the property's environmental resources. The defendants separately filed motions to dismiss the complaint in April, 2009,

competent jurisdiction to the extent necessary to protect the rights recognized herein. In any judicial review, the court shall be bound by the provisions, standards and procedures of said sections and may order that additional evidence be taken with respect to the environmental issues involved."

on the ground that the claims were not justiciable. Following the filing of objections and replies, the court conducted a hearing on the motions. The court then rendered judgment on November 12, 2009, dismissing the plaintiffs' claims for lack of subject matter jurisdiction. In its memorandum of decision, the court found that the claims were not ripe for adjudication, that the plaintiffs lacked standing to prosecute them and that the claims were rendered moot by the sale and transfer of the subject property.

After examining the record on appeal and considering the briefs and the arguments of the parties, we conclude that the judgment of the trial court should be affirmed. Because the trial court thoroughly and correctly assessed the issues that are the basis of this appeal, we adopt the court's comprehensive and well reasoned memorandum of decision as a statement of the facts and the applicable law on the issue. See *Bingham* v. *Dept. of Public Works*, 51 Conn. Sup. 590, 16 A.3d 865 (2009). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.