WILLIAM BOCZER ET AL. *v.* ENZO SELLA ET AL.
(AC 32838)

Lavine, Bear and Mihalakos, Js.

Argued November 15, 2011—officially released May 8, 2012

*Paul J. Pacifico*, for the appellants (plaintiffs).

*Ellen M. Costello*, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiff, William Boczer, individually and as executor of the estate of his wife, Patricia Ann Boczer (decedent),[1] appeals from the judgment of the trial court awarding the defendants Enzo Sella and Connecticut Orthopaedic Specialists, P.C.,[2] expert witness fees as taxable costs. On appeal, the plaintiff claims that there was insufficient evidence to support the trial

---

[1] We refer in this opinion to William Boczer in both capacities as the plaintiff.

[2] The plaintiff brought the action against several other defendants but withdrew those claims prior to trial. We therefore refer to Sella and Connecticut Orthopaedic Specialists, P.C., as the defendants in this opinion.

court's finding that the expert witness fees awarded were reasonable.[3] We affirm the judgment of the trial court.

The plaintiff brought this action against the defendants, asserting two claims: one in his capacity as the executor of the decedent's estate for medical malpractice, and one in his individual capacity for loss of consortium. *Boczer* v. *Sella*, 113 Conn. App. 339, 341, 966 A.2d 326 (2009). The jury returned a verdict in favor of the defendants on both claims, and the court rendered judgment in accordance therewith. Id. Thereafter, the defendants filed a bill of costs seeking, in part, $21,915.97 for expert witness fees. The clerk of the court entered an order of taxation and awarded the defendants $18,115.97 for expert witness fees. The plaintiff filed a motion for review of the order of taxation, which the trial court, *Hon. Edward R. Karazin, Jr.*, judge trial referee, denied because it found the clerk's review of the plaintiff's objections to be accurate. Id., 342.

The plaintiff appealed from that judgment, claiming that the court improperly (1) taxed the expert witness fees, because there was insufficient evidence concerning the reasonableness of the fees, and (2) taxed the total bill of costs against the plaintiff's loss of consortium claim. Id., 342, 345. This court concluded that, because the only evidence submitted to the trial court was the expert witnesses' invoices, the trial court's finding regarding the reasonableness of the fees "was premised on an inadequate evidentiary foundation" and, therefore, was clearly erroneous. Id., 345. This court, however, declined to review the plaintiff's second claim

---

[3] General Statutes § 52-260 (f) provides in relevant part: "When any practitioner of the healing arts, as defined in section 20-1 . . . gives expert testimony in any action or proceeding . . . the court shall determine a *reasonable fee* to be paid to such practitioner of the healing arts . . . and taxed as part of the costs in lieu of all other witness fees payable to such practitioner of the healing arts . . . ." (Emphasis added.)

because the trial court did not address it specifically and the plaintiff failed to seek an articulation. Id., 346–47. Accordingly, this court reversed the judgment of the trial court "as to the claim of improper taxation of expert fees," remanded the case "for further proceedings on that claim," and affirmed the judgment "in all other respects." Id., 347.

Thereafter, the trial court, *Mintz, J.*, held a hearing on the reasonableness of the expert witness fees, during which the court admitted into evidence deposition testimony from the three expert witnesses at issue: Dickerman Hollister, Jr., a board certified hematologist oncologist; Mark Mizel, a board certified orthopedic surgeon with a specialty in foot and ankle surgery; and Kevin P. Shea, a board certified orthopedic surgeon. After hearing argument from the parties, the court cited *Rose* v. *Jolly*, 48 Conn. Sup. 606, 854 A.2d 824 (2004), which applied a seven factor standard derived from the federal courts; see *Fisher-Price, Inc.* v. *Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D. Del. 2003); to determine the reasonableness of expert witness fees under Practice Book § 13-4 (3) for time spent responding to discovery. The court found that Hollister's fee of $2000 was reasonable and Mizel's fee of $10,115.97 and Shea's fee of $9800 were unreasonable. The court reduced Mizel's fee to $7115.97 and Shea's fee to $5400, thus awarding the defendants a total of $14,515.97 for expert witness fees.

In this appeal, the plaintiff claims that there was insufficient evidentiary support for the trial court's finding that the fees that it awarded were reasonable.[4]

---

[4] The plaintiff also attempts to resurrect his claim that the bill of costs should not have been taxed against his loss of consortium claim. We agree with the trial court that because this court, in the plaintiff's first appeal, affirmed the judgment of the trial court on this claim, it was not properly before the trial court on remand. See *Boczer* v. *Sella*, supra, 113 Conn. App. 347. We therefore decline to address this claim.

"[T]he reasonableness of a particular fee is a question of fact [and] [w]e will upset a factual determination of the trial court only if it is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Boczer* v. *Sella*, supra, 113 Conn. App. 344. We conclude that the trial court's finding that the expert witness fees awarded were reasonable was not clearly erroneous. Each witness testified as to his expertise, his experience and the basis on which he computed his fee. We cannot conclude, on the basis of our review of the record, that a mistake has been committed.

The judgment is affirmed.