******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONNECTICUT INDEPENDENT UTILITY WORKERS,
LOCAL 12924, ET AL. *v.* DEPARTMENT OF
PUBLIC UTILITY CONTROL
(SC 19009)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued February 19—officially released June 17, 2014*

*Seth A. Hollander*, assistant attorney general, with whom were *Clare E. Kindall*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, for the appellant (defendant).

*J. William Gagne, Jr.*, for the appellees (plaintiffs).

*Opinion*

McDONALD, J. The dispositive issue in this appeal is whether the plaintiffs, Connecticut Independent Utility Workers, Local 12924, and The United Steel Workers, Local 12000 Union, pleaded sufficient facts to establish that they are aggrieved by the decision of the defendant, the Department of Public Utility Control (department),[1] denying the plaintiffs' petition for a declaratory ruling. The plaintiffs had requested that the department issue a ruling stating, inter alia, that it had violated the Uniform Administrative Procedure Act (act), General Statutes § 4-166 et seq., by failing to promulgate regulations prescribing the rights of persons designated as "participants" in uncontested proceedings before the department. The department now appeals from the trial court's judgment setting aside the department's decision, contending that the trial court improperly concluded that it had jurisdiction over the plaintiffs' administrative appeal and that the department is required to promulgate such regulations.[2] We conclude that the trial court should have dismissed the plaintiffs' administrative appeal for lack of aggrievement.

It is important to emphasize at the outset that the resolution of this appeal turns on the question of whether the plaintiffs were aggrieved by the department's declaratory ruling. Nevertheless, to put the trial court's decision and the parties' arguments in context, it is necessary to describe an earlier proceeding before the department that prompted the plaintiffs to seek the declaratory ruling.

With that framework in mind, the record reveals the following undisputed facts. In late 2009, the department initiated an investigation, pursuant to its authority under General Statutes § 16-11, after it learned that two gas companies[3] had announced layoffs only months after the department approved rate increases based on the gas companies' representations that certain staffing levels were necessary for the safe and efficient operation of their gas distribution systems. The department designated the investigatory proceedings as "Docket No. 09-09-08" and elected to conduct public hearings on the matter. The plaintiffs requested party status and the right to cross-examination, which the department denied.[4] The department instead designated the plaintiffs as participants and allowed them to submit material, present oral argument and file written exceptions to its draft decision. In a February 11, 2010 decision regarding the results of its investigation, entitled "[DEPARTMENT] INVESTIGATION INTO THE CONTEMPLATED WORKFORCE REDUCTIONS BY [THE GAS COMPANIES]," the department concluded that it "will not prevent the [gas companies] from prudently managing their workforce levels. . . . [T]here is insufficient evidence presented in this proceeding to indicate that the [gas companies] will not be able to meet their

obligations to provide safe and reliable gas distribution services or to provide for the safety of their employees."[5]

In July, 2010, the plaintiffs filed with the department a petition for a declaratory ruling pursuant to General Statutes § 4-176, which is the subject of this appeal. The plaintiffs' petition sought a declaratory ruling that would establish that: (1) the department's failure to promulgate regulations regarding its use of "participant" status in uncontested proceedings and the rights attendant to such status violated the act; and (2) the department's designation of the plaintiffs in the 2009 investigatory proceedings as "participants," rather than as parties, and its selective limitations on the plaintiffs' rights therein, violated the act and the plaintiffs' due process rights.[6]

Prior to issuing its decision, the department informed the plaintiffs that it would issue a ruling only with regard to those aspects of the plaintiffs' petition that applied generically to the use of "participant status" in department proceedings. The department indicated that the conduct in Docket No. 09-09-08 would not be considered because the declaratory ruling process under § 4-176 is not an available conduit to review procedural rulings made in previous proceedings. Thereafter, the department denied the petition as to the remaining matters. It concluded that its use of the participant designation did not need to be promulgated as a regulation because such a designation neither bestows rights nor yields a substantive result, and it is not a rule of practice. Rather, the designation is an internal, routine procedure for managing dockets in uncontested proceedings, and any such rights and limitations are subsequently determined by the officer presiding over the uncontested proceeding. The department further distinguished its obligations under the act to promulgate regulations governing procedures in contested cases versus uncontested proceedings.

The plaintiffs appealed from the department's decision to the Superior Court pursuant to General Statutes § 4-183. The department thereafter filed a brief in opposition to the appeal in which it asserted, inter alia, that the trial court lacked jurisdiction because the plaintiffs had failed to plead or prove aggrievement.[7] The court heard oral argument but conducted no evidentiary hearing, after which it sustained the plaintiffs' appeal. In setting forth the background to the issues presented, the trial court stated in its memorandum of decision that the record reflected the following facts: "The [plaintiffs] collectively represent some 400 Connecticut residents employed in the natural gas industry. As a result of two rate case decisions rendered by the [department] . . . the [gas companies] were authorized to lay off a number of employees, including approximately thirty-five individuals represented by the [plaintiffs]."[8] In rejecting the

department's jurisdictional argument, the court reasoned that the plaintiffs "have a bona fide interest in the ability to advocate for the personal and legal interests of their members through meaningful participation in proceedings before the [department]. As an example, [the] plaintiffs cite the denial of the right to cross-examine witnesses upon being named 'participants' during an uncontested hearing before the [department] in 2009 as evidence of the manner in which that interest has been and will likely continue to be adversely impacted by the absence of an established rule concerning the use of participant status in uncontested hearings, and by the refusal of the [department] to adopt and make available to the public such regulations." On the merits, the court concluded that the department was required under the act to promulgate regulations setting forth the nature and requirements of its informal proceedings to avoid vesting administrative officers with unbridled discretion in the conduct of such hearings. Accordingly, the court set aside the declaratory ruling and ordered the department to grant the plaintiffs' petition insofar as necessary to ensure compliance with the court's decision.

On appeal to this court, the department renews its claim that the trial court lacked jurisdiction over the plaintiffs' appeal because the plaintiffs neither pleaded nor proved that they are aggrieved by the department's ruling on their petition. The department further contends that the plaintiffs are not entitled to relief because they failed to demonstrate prejudice to their substantial rights as required under § 4-183 (j). We agree with the department's jurisdictional claim.

"If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Citation omitted; internal quotation marks omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 153–54, 851 A.2d

1113 (2004).

Thus, "[m]indful that it is a fundamental concept of judicial administration that no person is entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity . . . the plaintiffs were required to plead and prove some injury in accordance with our rule on aggrievement." (Citation omitted.) *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 495, 400 A.2d 726 (1978). Accordingly, "[i]t was the function of the trial court to determine . . . first, whether the [plaintiffs'] allegations if they should be proved would constitute aggrievement as a matter of law, and second, if as a matter of law they would constitute aggrievement, then whether [the plaintiffs] proved the truth of [their] allegations. *Nader* v. *Altermatt*, 166 Conn. 43, 54–55, 347 A.2d 89 (1974)." (Internal quotation marks omitted.) *Kelly* v. *Freedom of Information Commission*, 221 Conn. 300, 309, 603 A.2d 1131 (1992). Although the question of whether a party is aggrieved presents a question of fact in cases involving disputed facts; see id.; the question of whether the pleadings set forth sufficient facts, if presumed true, to establish a party's aggrievement presents a question of law over which we exercise plenary review. See *Jones* v. *Redding*, 296 Conn. 352, 364, 995 A.2d 51 (2010); *Pomazi* v. *Conservation Commission*, 220 Conn. 476, 479 n.6, 600 A.2d 320 (1991).

In the present case, the trial court did not identify any allegations in the plaintiffs' complaint in support of its finding of aggrievement. Indeed, neither the facts that the trial court purported to be reflected in the record, nor the reasons set forth in support of its decision were alleged in that complaint. Irrespective of the trial court's view of the record, however, we must examine the *complaint* to determine whether it contains allegations that, if proved, would demonstrate that the plaintiffs had "a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share . . . [and] that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest." (Internal quotation marks omitted.) *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 705, 945 A.2d 927 (2008). As we previously underscored, the subject matter of the controversy in the present case is the plaintiffs' petition for a declaratory ruling regarding the department's obligation to promulgate regulations prescribing the rights of participants in uncontested proceedings, not the department's 2009 investigatory proceeding.

Our review of the complaint convinces us that, even applying every reasonable inference in favor of the plaintiffs, as we must; *Conboy* v. *State*, 292 Conn. 642,

651, 974 A.2d 669 (2009); the complaint lacks factual allegations that, if true, would establish the plaintiffs' aggrievement. The complaint alleges the plaintiffs' names and addresses, but does not allege a single fact in relation to their membership. It contains no allegations regarding the plaintiffs' representative or individual interest in matters over which the department has jurisdiction.[9] The complaint does allege that the plaintiffs filed a petition for a declaratory ruling and sets forth the particular ruling that they had requested. The complaint further alleges that, following a hearing at which the plaintiffs were permitted to present evidence and argument, the department issued a decision denying the requested declaratory ruling and concluding that it did not need to promulgate a regulation regarding its use of the participant designation. In sum, there is no factual basis in the complaint to infer that the plaintiffs have a specific, legal interest (individual or representative) different than members of the public, who also could be designated as participants in uncontested proceedings before the department, in having the department promulgate regulations relating to that designation. It necessarily follows that there is nothing in the complaint to indicate an injury to such an interest.

Nonetheless, the plaintiffs point to the unnumbered paragraph following their factual allegations in the complaint, in which they state the legal basis for their claim, as meeting their pleading obligation. Therein, they contend that they are "aggrieved by" the department's decision, in that the department's ruling is unlawful as to each of the six grounds set forth in § 4-183 (j) as a basis for reversing an agency's decision.[10] Only the plaintiffs' statement regarding the last ground, § 4-183 (j) (6), embellishes on the statutory text, insofar as the complaint states that the department's ruling is "arbitrar[y], capricious, and an abuse of the [department's] discretion *because it is in conflict with the rights of the plaintiffs set forth in General Statutes § 16-1 et seq. . . . and violates the clear meaning and interest of [§16-1 et seq.]*." (Emphasis added.) The plaintiffs' reliance on these statements is misplaced.

It is well established that "[t]he mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement is insufficient." (Internal quotation marks omitted.) *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 542–43, 833 A.2d 883 (2003); *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978). A statement of legal grounds for seeking reversal is not an allegation as to the particular nature of the aggrievement. If that were the case, every administrative appeal under § 4-183 would satisfy the pleading requirements for aggrievement, and proof of aggrievement—a threshold requirement to the exercise of jurisdiction—would depend upon prevailing on the merits of the legal claim. Such a proposition cannot be

reconciled with established law. See *PHH Mortgage Corp.* v. *Cameron*, 130 Conn. App. 238, 241, 22 A.3d 1282 (2011) ("aggrievement implicates this court's subject matter jurisdiction and, therefore, is a threshold matter that must be resolved before addressing the claims raised on appeal"). Moreover, nothing material was added by alluding to some unspecified purported rights of the plaintiffs pursuant to § 16-1 et seq., chapter 277 of the General Statutes. We note that this broad statutory scheme prescribes the department's authority and responsibilities, the rights and obligations of the Office of Consumer Counsel and various matters related to public utilities regulation.

The plaintiffs contend, however, that their claim of being "aggrieved" must be read in light of the allegations that precede it. In particular, they point to the paragraphs in their complaint setting forth the declaratory ruling that they had requested from the department[11] and the department's stated basis for denying the ruling—"that as a matter of law, [the department's] use of the participant designation need not be promulgated as a regulation." (Internal quotation marks omitted.) The plaintiffs contend that these allegations illustrate the way in which the department's use of participant status in the 2009 investigation resulted in the arbitrary denial of the plaintiffs' right to cross-examine witnesses and why the plaintiffs needed the declaratory ruling. They acknowledge that the 2009 investigative proceedings are not directly at issue on appeal, but contend that the allegations pertaining thereto are evidence probative of aggrievement. We disagree.

The fact that the plaintiffs' request for declaratory relief was denied does not, in and of itself, establish aggrievement. As this court previously explained in rejecting a similar claim: "The plaintiffs filed their petition for a declaratory ruling under § 4-176. Subsection (a) of § 4-176 provides as follows: '*Any* person may petition an agency, or an agency may on its own motion initiate a proceeding, for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency.' . . . Thus, § 4-176 (a) confers broad rights on any member of the public to file a petition for a declaratory ruling without the need to establish any specific, personal and legal interest in the matter. Pursuant to § 4-176 (h), however, any appeal from the declaratory ruling must be brought under § 4-183, which requires that the person appealing demonstrate aggrievement. To meet this requirement, the appealing party must show a specific, personal and legal interest in the controversy that is different from the 'general interest that all members of the community share.' . . . The expansive right to petition for a declaratory ruling under § 4-176 therefore does not confer an automatic right to appeal under § 4-183.

"The plaintiffs in the present case rely solely on the fact that they petitioned for the declaratory ruling to establish their personal interest in this appeal. This is not sufficient, for they have not asserted any specific, personal and legal interest in the declaratory ruling beyond that shared by the general public, any member of which also could have sought a declaratory ruling without showing a personal interest in the matter. We therefore conclude that the plaintiffs have failed to establish the first requisite for classical aggrievement— that they had a specific, personal and legal interest in the decision of the commissioner different from that of the general public."[12] (Citation omitted; emphasis altered.) *Bingham* v. *Dept. of Public Works*, supra, 286 Conn. 706–707.

The plaintiffs' position also runs afoul of our case law addressing aggrievement in the specific context of requests to promulgate regulations. General Statutes § 4-174 permits *any* interested person to request the promulgation, amendment or repeal of a regulation. Nonetheless, in challenging a decision thereunder, this court has explained that a plaintiff must allege and prove that "it has a legally protectible interest in the [subject of the regulation]." *Missionary Society of Connecticut* v. *Board of Pardons & Paroles*, 278 Conn. 197, 202, 896 A.2d 809 (2006); see id., 204 ("[Section] 4-174 was not intended to grant the right to petition for regulations to persons who have no specific, legally protectible interest that would be, or potentially could be, affected by the regulations. Accordingly, we conclude that the plaintiff was not aggrieved by the defendant's denial of its request for the promulgation of regulations concerning commutation of the death penalty pursuant to § 4-174 and, therefore, has no standing to challenge that ruling."). Further, even if an agency is required to promulgate regulations on the subject matter, "[a]n administrative agency's failure to comply with a statutory mandate to adopt procedural rules can be challenged . . . only by making a showing that some personal prejudice has resulted from the agency's failure to act. See *Goldberg* v. *Insurance Department*, 207 Conn. 77, 83–84, 540 A.2d 365 (1988), and cases cited therein; see also *Eagle Hill Corporation* v. *Commission on Hospitals & Health Care*, 2 Conn. App. 68, 78, 477 A.2d 660 (1984)." *In re Zoarski*, 227 Conn. 784, 795, 632 A.2d 1114 (1993); see also *Andross* v. *West Hartford*, 285 Conn. 309, 327, 939 A.2d 1146 (2008) ("common concern for obedience to law is not a direct injury that supports standing" [internal quotation marks omitted]). The plaintiffs' allegations do not suffice to plead either.

The plaintiffs' effort to distinguish this case law is unpersuasive. Effectively, the plaintiffs take the position that, when seeking a declaratory ruling under § 4-176 that an agency is legally obligated to promulgate

regulations, they did not need to satisfy the aggrievement requirements that would have applied had they petitioned the department under § 4-174 to actually promulgate regulations. We disagree. Although the department conceded at oral argument before this court that the plaintiffs could pursue their request for regulations either by seeking them directly under § 4-174 or indirectly under § 4-176, which we assume is correct for purposes of this appeal, there is no basis in text, logic or fact to apply different standards of aggrievement for purposes of an administrative appeal from either decision pursuant to § 4-183.

The plaintiffs' reliance on their allegations as to the particular ruling requested vis-á-vis their treatment in the 2009 investigation similarly is not well founded. As the plaintiffs concede, those proceedings are not the subject of the present appeal. No reasonable inference can be drawn as to how the plaintiffs' treatment as a participant in that one proceeding could impair the plaintiffs' legal rights in the future in a manner to distinguish their concerns from those of any other member of the public that seeks to participate in uncontested proceedings before the department. Cf. *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, 226 Conn. 105, 132, 627 A.2d 1257 (1993) ("[m]ere status . . . as a party or a participant in a hearing before an administrative agency does not in and of itself constitute aggrievement for the purposes of appellate review" [internal quotation marks omitted]). Indeed, the plaintiffs conceded at oral argument before this court that the department properly could promulgate a regulation either precluding cross-examination by any participant in uncontested proceedings or allowing the official conducting such proceedings to confer such rights in his or her discretion. Cf. General Statutes § 4-177a (d) (providing, in relevant part, that, in *contested* cases, "[t]he presiding officer may . . . restrict the participation of an intervenor in the proceedings, including the rights to inspect and copy records, to introduce evidence and to cross-examine, so as to promote the orderly conduct of the proceedings").

Finally, to the extent that the plaintiffs contend that memoranda of law or exhibits submitted to the trial court cured any potential deficiencies in their allegations, they are mistaken. It is important to understand that the pleading requirement is not merely a matter of form. Rather, it provides an opportunity for the opposing party to answer in denial, thereby placing the jurisdictional fact(s) into dispute for the court's resolution. Memoranda of law are not pleadings. Although this court has made a few passing references to parties' briefs or memoranda in connection with the issue of aggrievement, these references simply acknowledge that such sources may provide a context from which a reviewing court can determine which reasonable

inferences may be drawn from facts alleged in the pleadings. See, e.g., *Connecticut State Medical Society* v. *Board of Examiners in Podiatry*, 203 Conn. 295, 303–304, 524 A.2d 636 (1987). Moreover, although undisputed facts in an administrative record can supply the requisite *proof* in support of allegations of aggrievement; see *State Library* v. *Freedom of Information Commission*, 240 Conn. 824, 830–33, 694 A.2d 1235 (1997); we have never suggested that the record can be mined for evidence to cure deficient pleadings. Accordingly, in the present case, the plaintiffs have not pleaded sufficient facts that, if true, demonstrate that they were classically aggrieved by the department's decision denying the plaintiffs' petition for a declaratory ruling.

The judgment is reversed and the case is remanded with direction to dismiss the plaintiffs' appeal.

In this opinion the other justices concurred.

[1] The department was replaced by the Public Utilities Regulatory Authority, effective July 1, 2011, while the administrative appeal was pending in the Superior Court. See Public Acts 2011, No. 11-80, § 1 (a) and (e). For purposes of this decision, we refer to the defendant generically as the department.

[2] The department appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] The gas companies at issue were Connecticut Natural Gas Corporation and The Southern Connecticut Gas Company. For convenience, we refer to them as the gas companies in this opinion. Neither of the gas companies is a party to this appeal.

[4] An excerpt from a transcript of one of the investigatory hearings that both parties have brought to this court's attention indicates that the department permitted cross-examination only by its staff, the Office of Consumer Counsel and the Office of the Attorney General, all of whom also were designated as participants. In that transcript, the presiding officer suggested that the department had declined to allow the plaintiffs to conduct cross-examination out of concern that doing so might somehow run afoul of General Statutes § 16-42. That statute provides: "Nothing in [title 16] shall be construed to authorize the [department] to interfere in any manner with contracts between public service companies and their employees." General Statutes § 16-42. In the investigatory proceedings, the gas companies had argued that the department's authority with respect to interfering with the companies' decisions to prudently manage its workforce levels was limited by this provision.

[5] The department did order the gas companies to submit reports on various matters of concern on a periodic basis so that the department could monitor the quality of service and the safety of the public and the gas companies' employees. It further noted that, if these reports were to indicate that either concern was jeopardized, it "is empowered to rescind the instant layoffs and if necessary, rescind any workforce reductions made."

[6] The declaratory ruling requested was incorporated, with minor nonsubstantive changes, into the plaintiffs' administrative appeal. The plaintiffs' administrative appeal is labeled as a "petition to appeal." To distinguish their administrative appeal from the underlying petition for a declaratory ruling, we refer to the former as their complaint. The requested ruling as set forth in that complaint is set forth in footnote 11 of this opinion.

[7] The department further contended that the plaintiffs could not amend their complaint to supplement their deficient allegations once it brought the jurisdictional issue to the court's attention.

[8] The department vigorously contests that it ever "authorize[d]" the layoffs. The plaintiffs concede that the trial court mistakenly referred to the rate cases, but contends that the department did effectively authorize the layoffs in Docket No. 09-09-08 because, despite regulatory authority to stop the gas companies from proceeding with the layoffs, it "gave the green light" to the companies to proceed. We need not resolve this dispute, as there is no

allegation in the pleadings regarding the layoffs.

[9] The facts purported by the court to be reflected in the record regarding the plaintiffs' membership and the plaintiffs' stake in the investigatory proceedings are not only absent from the plaintiffs' complaint, but also absent from the plaintiffs' petition for a declaratory ruling and the department's ruling.

[10] General Statutes § 4-183 (j) provides in relevant part: "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."

[11] In paragraph 4 of their complaint, the plaintiffs alleged that they had filed a petition for a declaratory ruling seeking a declaration stating the following:

"a. 'Participant' status in uncontested proceedings at the department is separate and distinct from status as a 'party' or 'intervenor';

"b. The terms 'participant' and 'participant status' are not defined in any regulation promulgated by the department in accordance with the [act];

"c. The rights afforded to a 'participant' at a hearing in an uncontested case held at the department are not defined in any regulation promulgated by it;

"d. The [act] and applicable case law require that the department promulgate regulations for the conduct of business before that agency, and a regulation which is not adopted in accordance with the procedures set forth in the [act] is invalid;

"e. Although department regulations define 'party' and 'intervenor,' no regulation promulgated by the department in accordance with the [act] defines 'participant' or 'participant status' in an uncontested case or set[s] forth the rights to be afforded to a 'participant' in a department hearing or proceeding;

"f. The department's invocation of 'participant status' and its selective award of rights to the [plaintiffs] in Docket No. 09-09-08, [Department] Investigation into the Contemplated Workforce Reductions by [the Gas Companies] constituted unpromulgated regulations; and

"g. The department's denial of the [plaintiffs'] request for party status, its designation of the [plaintiffs] as 'participants' and its refusal to allow the [plaintiffs] the right to cross-examine at the hearing in Docket No. 09-09-08 was arbitrary, illegal, in violation of its authority as set forth in applicable law and its own regulations, and in violation of the [plaintiffs'] right to due process."

[12] The plaintiffs claim that, unlike in *Bingham* v. *Dept. of Public Works*, supra, 286 Conn. 698, "the [plaintiffs] here have not merely plead[ed] that they petitioned for a declaratory ruling; they have stated [that] they . . . will appear before the [department] in future matters related to their membership, and they have been injured." The plaintiffs cite to no paragraph in their complaint as the source of such an allegation, and a review of that complaint reveals no such allegation.